UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CR-00105-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ALLEN CAPRI, II, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 8, 2023, the Grand Jury returned an indictment charging Defendant with failing to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a), for the time period from September 2021 to April 24, 2023 [Doc. 1]. On January 3, 2024, he pled guilty [Doc. 15]. A presentence report determined Defendant to be a Tier II offender due to his prior sex offense convictions for Sexual Misconduct with a Minor and Child Molesting under Indiana law and calculated his total offense level to be 13, criminal history category II, yielding an advisory guideline range of 15 to 21 months' imprisonment [Doc. 19, ¶ 74].

Prior to sentencing, Defendant filed a Motion to Dismiss the Indictment, arguing that he was not a Tier II offender, but a Tier I offender. And, as a Tier I offender, the requirement to register under SORNA ended in February 2021, seven months prior to the time alleged in the indictment [Doc. 32]. The Government argues Defendant is properly classified as a Tier II offender but that if the Court finds the Defendant a Tier I offender, it agrees the indictment should be dismissed. [Doc. 33; Doc. 39, pgs. 9–10]. The Court heard oral argument on Defendant's motion on June 6, 2024.

1

The facts of this case are not in dispute. On February 23, 2006, Defendant was convicted in the Superior Court for St. Joseph County, Indiana of Sexual Misconduct with a Minor, in violation of Ind. Code Ann. § 35-42-4-9(b) (2006), a Class C felony, and Child Molesting, in violation of Ind. Code Ann. § 35-42-4-3(b) (2006), also a Class C felony [Doc. 32-1, pg. 1; *see* Doc. 32, pg. 2]. He was sentenced to a concurrent term of imprisonment of four years on each count with the sentence suspended to three years' probation [Doc. 32-1, pgs. 1–2]. It is undisputed that both convictions are sex offenses under SORNA which required him to register as a sex offender. *See* 34 U.S.C. § 20911(1). What is disputed is how long SORNA required him to register. The answer to that question depends on whether Defendant's prior convictions under Indiana law classify him as a Tier I, Tier II, or Tier III sex offender. Tier I offenders must register for a period of 15 years, Tier II, 25 years, and for Tier III, the registration duration is life. 34 U.S.C. § 20915(a)(1)-(3). If Defendant is a Tier I offender, SORNA would have required him to register only until February 2021.

Relevant here, Tier II sex offenders are those whose underlying offense is "comparable to or more severe than…abusive sexual contact (as described in section 2244 of Title 18)." 34 U.S.C. § 20911(3)(A).[1] Accordingly, the Court must compare Defendant's underlying sex conviction under Indiana law to that of abusive sexual contact under 18 U.S.C. § 2244. The categorical approach is used to make that comparison. *See United States v. Barcus*, 892 F.3d 228, 231–32 (6th Cir. 2018). Under this approach, the Court considers "the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Sanchez-Perez v. Garland*, 100 F.4th 693, 697 (6th Cir. 2024)(citations omitted).

---

[1] There are three additional ways a sex offender could be classified as a Tier II offender but the parties agree none of those apply in this case. [*See* Doc. 32, pg. 3; Doc. 35, pg. 3].

2

If the statutory elements of the underlying state sex offense "covers any more conduct" than that of the federal offense, then the two offenses are not comparable under SORNA. *United States v. Barcus*, 892 F.3d 228, 233 (6th Cir. 2018). The focus is on "the minimum conduct criminalized by the state statute." *United States v. Southers*, 866 F.3d 364, 367 (6th Cir. 2017) (quotations omitted). So, if the Indiana state statute "sweep[s] more broadly" or includes more conduct than the federal offense of abusive sexual conduct, the offenses are not comparable. *Barcus*, 892 F.3d at 232 (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)).

But when making the comparison, the Court does not abandon common sense. The categorical approach "is not an invitation to apply 'legal imagination' to the state offense; there must be a 'realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside…'" of the federal offense. *Southers*, 866 F.3d at 367 (quoting *Moncrieffe*, 569 U.S. at 191). In other words, a defendant "'must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.'" *Id*. (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Turning to the federal offense first. Abusive sexual contact includes conduct where one "knowingly engages in or causes sexual contact with or by another person…" including a minor. 18 U.S.C. § 2244(a)(3). "Sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The definition requires the contact to involve specific body parts of the victim. In other words, sexual contact would not include body parts such as the hand, the back or the abdomen as they are not included in the itemization.

Now the Indiana offenses. First, Sexual Misconduct with a Minor, Ind. Code Ann. § 35-42-4-9(b) (2006), provides that sexual misconduct with a minor occurs when "[a] person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person…." *Id.* Second, Child Molesting is defined as conduct when "[a] person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person…."

Neither of the Indiana statutes exclude any parts of the human body that can be touched to constitute the sex offense. But the federal offense specifically identifies the body parts that must be involved in the offense to constitute the federal offense. While Indiana law criminalizes "any fondling" without limitation, the federal statute limits the offense to specific body parts. So, is the Defendant's argument that Indiana law is broader an argument that defies common sense or essentially "legal imagination"? Or has Indiana law, in fact, been applied to at least one case which is in fact broader than the federal statute?

The Indiana appellate court answers that question. In *Bass v. State*, 947 N.E.2d 456, 458 (Ind. Ct. App. 2011), a jury convicted the defendant of child molesting based on his touching the minor victim's back and sides with the intent to arouse or satisfy his own sexual desires. The defendant argued on appeal that just touching the back and sides was not sufficient but that touching the breasts or the genitals was necessary for a conviction. His argument was rejected. *Id.* at 460. The Indiana appellate court found that "touching a child's breasts or genitals is not required to sustain a child molesting conviction…" *Id.* "[T]he State had to prove that [the

4

defendant] touched [the victim]'s back with intent to arouse or satisfy his own sexual desires." *Id.* The appellate court held that because a reasonable factfinder could find the defendant had touched the minor's back with intent to arouse his own sexual desires, the evidence was sufficient to uphold the conviction. *Id.*

But the back and the sides of a minor are not included in the federal definition of "sexual contact." *See* 18 U.S.C. § 2246(3). Thus, the Indiana statue is broader. And whether this broader application of Indiana law is a "realistic probability," *Bass* answers that question. The Government counters that *Bass* is not enough. At oral argument, it asserted the *Bass* court "qualifi[ed]" its reasoning by citing to case law where defendants touched body parts included in the federal statute [Doc. 39, pg. 28]. But the *Bass* court was not qualifying its holding. It was simply pointing out that touching the "breasts or genitals" was not required to support a conviction. 947 N.E.2d at 460 (citing *Altes v. State*, 822 N.E.2d 1116, 1121–22 (Ind. Ct. App. 2005) and *Nuerge v. State*, 677 N.E.2d 1043, 1049 (Ind. Ct. App. 1997)). Again, *Bass* held the evidence was sufficient to convict a defendant under the Indiana statute based on touching only the victim's "entire back and sides." 947 N.E.2d at 460. Thus, an Indiana court can—and in fact did—sustain a conviction under the Indiana statute based on conduct the federal statute does not prohibit.

The Government further asserts that *Bass* is merely an "outlier[ ]" among the numerous cases Indiana has prosecuted [Doc. 39, pg. 30]. In *Burris*, the Government argued the court "should not allow 'a few (potentially) outlier lower court decisions'" to disqualify a state statute as a predicate for Armed Career Criminal and Career Offender status. *United States v. Burris*, 912 F.3d 386, 401 (6th Cir. 2019). But the Sixth Circuit noted that the categorical approach requires only a "realistic probability[,]" and that the defendant had shown such a probability by pointing to state case law. *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193). Further supporting that conclusion,

5

the Sixth Circuit noted that the state's highest court had not stepped in to temper a supposedly "outlier" view. *See id.* Here, *Bass* applied Indiana's statute to touching body parts not included in the federal definition of "sexual contact," and the Government has pointed to no case from the Indiana Supreme Court tempering that application. Accordingly, there is more than a "realistic probability" that Indiana would apply its child molestation statute to conduct the federal statute does not reach. Since Indiana law is broader than the federal statue, the statutes are not comparable under the categorical approach.

Defendant was also convicted under Indiana's sexual misconduct with a minor statute. But the relevant language in that statute is identical to the child molestation statute. *Compare* Ind. Code Ann. § 35-42-4-3(b) (2007) (prohibiting "perform[ing] or submit[ting] to any fondling or touching . . . with intent to arouse or to satisfy the sexual desires of either the child or the older person"), *with* Ind. Code Ann. § 35-42-4-9(b) (2007) (prohibiting "perform[ing] or submit[ting] to any fondling or touching . . . with intent to arouse or to satisfy the sexual desires of either the child or the older person")). Thus, the sexual misconduct with a minor offense under Indiana law is similarly broader than the federal law as well.[2] Because neither Indiana statute is comparable to the federal offense of abusive sexual contact, Defendant is not a Tier II offender under the categorical approach. And because neither party asserts he is a Tier III offender, he is a Tier I offender under SORNA. He was no longer required to register under SORNA after February 2021. Because the indictment charged Defendant for failing to register beginning in September 2021, a

---

[2] There is a second step to the categorical approach: if the Court concludes that a state statute is not a match for the federal statute, the Court determines whether the state statute is "divisible," and if so, the Court must verify whether the specific *subdivision* is categorically broader than the federal statute. *See United States v. Burris*, 912 F.3d 386, 393 (6th Cir. 2019). The parties do not address this step in their briefing. But even if the Indiana statutes are divisible, Defendant was convicted under the "fondling or touching" provisions, § 35-42-4-3(b) and § 35-42-4-9(b), which include conduct not prohibited by the federal statute [*See* Doc. 35-1, pgs. 1–2].

6

time he was not required to register, it fails to state an offense and should be **DISMISSED**.

At oral argument, the parties agreed that despite Defendant's guilty plea, if the Court found him to be a Tier I offender, the Indictment must be dismissed. The Court has made that finding. Accordingly, Defendant's motion [Doc. 32] is **GRANTED**, and the Indictment [Doc. 1] is **DISMISSED**.

**SO ORDERED**:

s/ Clifton L. Corker<br>United States District Judge